UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-649-FDW

| | |
|---|---|
| ANDREW CHARLES SEAMONS, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| DAVID GUISE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on its own motion following receipt of Plaintiff's Administrative Remedy Statement, (Doc. No. 4), and following receipt of a letter response by the North Carolina Department of Public Safety ("NCDPS") filed on January 10, 2017, addressing whether Plaintiff exhausted his administrative remedies before filing this action. Also pending is Plaintiff's "Motion for Entry of Default as to all Defendants," (Doc. No. 7).

## I. BACKGROUND

Pro se Plaintiff Andrew Charles Seamons is a North Carolina prisoner incarcerated at Lanesboro Correctional Institution. Plaintiff filed this action on September 1, 2016, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights on or around August 1, 2016, by failing to protect him from an assault by another inmate and then by delaying medical treatment. Plaintiff alleges that he filed grievances on August 1, August 20, and August 25, 2016, arising out of the August 1 incident, but he contends that prison officials at Lanesboro

1

have ignored his grievances. He therefore contends that he has attempted to exhaust his administrative remedies but the administrative remedies procedures at the prison are not available to him.

On December 21, 2016, the Court ordered Lanesboro officials to mail to the Court all responses to the grievances filed by Plaintiff arising out of the incident allegedly occurring on or around August 1, 2016, or to otherwise explain to the Court why the prison has not addressed Plaintiff's grievances. On January 10, 2017, the NCDPS filed a responsive letter, explaining to the Court that the prison did not allow Plaintiff to file his grievances because he already had a pending grievance that had not proceeded past Step Two of the North Carolina grievance procedures. (Doc. No. 9).

**II.    STANDARD OF REVIEW**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA

2

exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. GEN. STAT. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The law is settled that a plaintiff must exhaust administrative remedies before filing a claim, and a prisoner is not entitled to exhaust administrative remedies

3

during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

### III. DISCUSSION

The Court finds that this action must be dismissed because Plaintiff did not exhaust his administrative remedies before filing this action. Plaintiff asserts, in his administrative remedy statement, that he has attempted to exhaust his administrative remedies as to his claims, but that officials have refused to address his grievances. (Doc. No. 4 at 2). It is true that, where a prison does not make the grievance procedure available to prisoner, the prisoner may be excused from the exhaustion requirement. See Moore v. Bennett, 517 F.3d 717, 725 (4th Cir. 2008). The response letter filed by the NCDPS shows, however, that the prison did not allow Plaintiff to file his grievances because he already had a pending grievance. Under NCDPS policy, an inmate may only submit a grievance once any other pending grievances have proceeded past Step Two of North Carolina's three-step grievance process. The NCDPS explains in its response letter that when Plaintiff submitted his grievances arising out of the August 1 incident, he had a pending grievance that had not yet proceeded past Step Two, and the NCDPS rejected Plaintiff's grievances for that reason. The fact that the NCDPS did not allow Plaintiff to file his grievances arising out of the August 1 incident based on NCDPS policy that a new grievance may not be filed while another one has not proceeded past Step Two does not constitute a reason to excuse Plaintiff from the exhaustion requirement. In other words, to the extent that Plaintiff argues that the NCDPS restriction on the simultaneous filings of multiple grievances renders administrative remedies "unavailable," this argument is without merit. Accord Turner v. Clelland, No. 1:15cv947, 2016 WL 6997500, at *11 (M.D.N.C. Nov. 30, 2016) (recommendation of U.S.

4

Magistrate Judge).

## IV. CONCLUSION

In sum, this action will be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

(2) Plaintiff's "Motion for Entry of Default as to all Defendants," (Doc. No. 7), is **DENIED** as moot.

(3) The Clerk of Court is directed to terminate this action.

Signed: January 17, 2017

Frank D. Whitney
Chief United States District Judge